IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael E. Matthews, Carl Stephen Turner, Edward White, and Robert Brown,        Plaintiff, v. Buel, Inc., and CNTS Leasing, LLC,        Defendants. | C/A No. 7:11-162-TMC  **OPINION & ORDER** |

     This matter is before the court on Plaintiffs' Motion for Class Certification. (Dkt. # 29). Defendants initially filed a response in which they deferred any challenges to class certification until after the close of discovery. (Dkt. # 30). Subsequently, Defendants filed a Supplemental Response to Plaintiffs' Motion for Class Certification in which Defendants state, without any qualifications, that they consent to the certification. (Dkt. # 32). For the reasons discussed below, the court hereby grants Plaintiffs' motion.

     Defendant Buel, Inc., ("Buel") is an authorized motor carrier based in Chesnee, South Carolina, that transports goods in interstate commerce. Most of Buel's drivers are owner-operators who drive for Buel under substantially the same independent contractor agreements ("Agreements") where the drivers lease their tractors to Buel and haul trailers owned by Buel delivering freight that Buel has contracted with the shipper

to haul.[1] The contracts are subject to the "Truth-in-Leasing" Act and its associated regulations. The majority of the allegations of the complaint involve violations of the Agreements and the Truth-in-Leasing Act and its regulations.

In counts one and two of the Complaint, Plaintiffs allege that Buel failed to make its rated freight bills or other actual billing documents available to its drivers as required by the Truth-in-Leasing regulations. In counts three through six of the Complaint, Plaintiffs allege that Buel impermissibly charged drivers for items which were not allowable under the Agreements, including the costs for the fuel for refrigeration units ("reefer fuel"); charged amounts in excess of the actual costs; and concealed the excess charges by refusing to provide drivers with the actual bills. In counts seven and eight of the Complaint, Plaintiffs allege Buel impermissibly charged expenses on a truck by truck basis rather than a driver by driver basis. In counts nine and ten of the Complaint, Plaintiffs allege that Buel charged the drivers with a two cents fuel tax per mile which was more than was actually paid.

As to the claims raised in counts eleven through thirteen, Plaintiffs note that their allegations do not affect all class members uniformly. In count eleven, Plaintiffs allege Buel coerced some drivers to accept unprofitable loads through threats, including discharge and discontinuance of allowances. In count twelve, Plaintiffs allege Buel engaged in a pattern of retaliation and discrimination against drivers who attempted to defend their rights. In count thirteen, Plaintiffs allege that Buel required all drivers to purchase and install auxiliary power units on their trucks and Buel financed the

---

[1] Brian Tucker, Defendants' former office manager, testified in his deposition that there were only minor differences in the drivers' contracts, including who was ultimately financing the vehicles and the percentages going to the drivers.

2

purchases. After the units were installed on the trucks, Buel claimed ownership and retained the units even if a driver had paid for the unit in full and was terminated.

Pursuant to Rule 23, Fed.R.Civ.P., Plaintiffs move for certification of the following class:

> All current and former Buel, Inc. drivers who have had Independent Contractor Agreements or other owner-operator agreements with Buel, Inc. from four years prior to the commencement of this action through the date of trial.

To obtain class certification, Plaintiffs must meet all four requirements of Rule 23(a), and at least one of the requirements of Rule 23(b). *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003). Rule 23(b) provides three bases upon which a class action may be maintained. Plaintiffs seek certification under Rule 23(b)(3), which requires that common questions of law or fact predominate.

**Rule 23(a) Requirements**

Pursuant to Rule 23(a), for each class, Plaintiffs must satisfy the following elements: "(1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation." *Gunnells*, 348 F.3d at 423. As noted above, Defendants do not challenge Plaintiffs' ability to satisfy the first three Rule 23(a) requirements, and the court will address them briefly.

As to numerosity, Plaintiffs have put forth sufficient evidence that the proposed class will be in excess of two hundred and that joinder of all members is thus impracticable. "A class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical." *Dameron v. Sinai Hosp. of Balt., Inc.*, 595 F.Supp. 1404, 1408 (D.Md.1984). The court finds that there is sufficient numerosity

in this case.

Commonality exists when "[t]he central facts and applicable law at issue . . . are shared by all members of the proposed class." *Arrington v. Colleen, Inc.*, 2001 WL 34117734, at *3 (D.Md. Apr. 2, 2001). This requirement is not onerous. The inquiry is "not whether common questions of law or fact predominate, but only whether such questions exist." *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 216 (D.Md. 1997). The requirement is not defeated by minor differences in the underlying facts of an individual case. *Id.*

The commonality and typicality requirements tend to merge because they "[b]oth serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected. . . ." *Stott v. Haworth*, 916 F.2d 134, 143 (4th Cir.1990) (*quoting Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982)). Plaintiffs satisfy commonality and typicality because in the proposed class there are common issues that are central to each of the named Plaintiffs' and proposed class member's claims: whether Defendants violated the Agreements or Truth-in-Leasing Act and its regulations.

The final requirement of Rule 23(a) is that the class representative and class counsel "fairly and adequately protect the interests of the class." The purpose of the adequacy requirement is to ensure that there are no potential "conflicts of interest between the named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Representation is adequate if: (1) the named plaintiffs' interests are not opposed to those of other class members, and (2) the plaintiffs' attorneys are qualified, experienced and able to conduct the litigation.

*Mitchell–Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D.Md. 2006). Defendants have consented to the class certification in this action. Absent contrary proof, class counsel are presumed competent and sufficiently experienced to prosecute the action on behalf of the class. *Hewlett*, 185 F.R.D. at 218. The court finds there is adequate representation of the class. Thus, all four requirements of Rule 23(a) have been met.

**Rule 23(b)(3) Requirements**

As noted above, Plaintiffs seek certification under Rule 23(b)(3). Rule 23(b)(3) certification is proper when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and, to resolve the case, "a class action is superior to other methods available." Fed.R.Civ.Pro. 23(b)(3). Rule 23(b)(3) specifically provides four factors to consider: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed.R.Civ.Pro. 23(b)(3). The court also finds that the requirements of Rule 23(b)(3) are met.

First, as to the predominance requirement, the proposed class must be "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. The predominance test is similar to the commonality test of Rule 23(a) but is "more stringent." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 n. 4 (4th Cir. 2001). It requires not only that members of the class and each subclass have issues of law or fact in common, but that these common issues predominate over the individual issues.

Fed.R.Civ.P. 23(b)(3). To satisfy the predominance requirement the court generally needs to determine only whether the common questions predominate over individual questions as to liability. *Gunnells*, 348 F.3d at 428 (internal citation omitted). If liability issues are not subject to class-wide proof, but require individual and fact intensive determinations, common issues do not predominate. *Hewlett*, 185 F.R.D. at 220. Here, if the individual claims were brought, they would present the same legal question: whether Defendants' alleged conduct violated the Agreements and the Truth-in-Leasing Act and its regulations. The court concludes that the common issues predominate.

As to the remaining factors, the court finds Plaintiffs have sufficiently meet their burden. There are no allegations of any other pending cases nor any management difficulties. The class members are readily identifiable as current or previous drivers. Reluctance to sue one's employer may inhibit some potential claimants and thus a class action is well-suited to protect the rights of the proposed class in this action. *Cuthie v. Fleet Reserve Ass'n*, 743 F.Supp.2d 486 (D.Md. 2010). The issues are straightforward and limited and the court does not foresee any difficulties in managing the class action. Accordingly, the court concludes that a class action is the superior method of adjudication.

Pursuant to Rule 23(g), "a court that certifies a class must appoint class counsel." The court must consider the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions and other complex litigation and claims of the type asserted in the present action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. Fed.R.Civ.P. 23(g). Counsel for Plaintiffs has experience in federal and class action litigation, and have worked diligently on the current case. Defendants have not

raised any objections regarding the qualifications of Plaintiffs' counsel or Plaintiffs' counsel serving as the proposed class counsel. Based on the foregoing, the court concludes that Plaintiffs' counsel will fairly and adequately represent the class in this case.

For the foregoing reasons, and with Defendants' consent, Plaintiffs' Motion for Class Certification pursuant to Rule 23 is **GRANTED**. The class is defined as:

> All current and former Buel, Inc. drivers who have had Independent Contractor Agreements or other owner-operator agreements with Buel, Inc. from four years prior to the commencement of this action through the date of trial.

Furthermore, pursuant to Rule 23(g), Plaintiffs' counsel of record shall serve as class counsel in this matter.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
May 18, 2012